IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATRINA BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. |
| | )   2:13-CV-00642-KOB |
| REGIONS FINANCIAL | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter, alleging discrimination under § 12112(a) of the American's with Disabilities Act, and discrimination on the basis of race under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, is before the court on the defendant's "Motion to Dismiss Count II of Complaint." (Doc. 7). This motion has been fully briefed. The defendant argues that count two[1] of the plaintiff's Complaint fails to state a claim upon which relief can be granted. For the following reasons, the court finds that the defendant's motion is due to the GRANTED as to Count II.

**I. PROCEDURAL HISTORY**

The plaintiff, Katrina Bradford, filed her two-count Complaint against the defendant, Regions Financial Corporation, on April 8, 2013. (Doc. 1). The Complaint contains the following counts: "Count [I] - ADA Disability Discrimination"; "Count II - Race Discrimination." Under the race discrimination count, the plaintiff alleged that the defendant "discriminated against [her] because

---

[1]Both counts of the Complaint are labeled "Count II." As the defendant's Motion to Dismiss refers specifically to race discrimination, the court considers the count labeled "Race Discrimination" as the Count II addressed in this Motion.

1

of her race with respectto [*sic*] implementation of the personal leave policies and terminating her 29 plus years of employment"; that the plaintiff "suffered mental anguish, emotional distress, humiliation, and embarrassment"; and that the defendant's discriminatory actions were "reckless, malicious, and willful." (Compl. ¶¶ 22-24). The plaintiff included her EEOC Charge of Discrimination and Notice of Right to Sue as exhibits to her complaint.

The defendant filed its "Motion to Dismiss Count II of Complaint," along with a brief in support of the motion, on May 9, 2013. (Doc. 7-8). After the court granted the plaintiff's Motion for Extension of Time on May 22, 2013, the plaintiff filed her Response to the defendant's Motion to Dismiss on May 30, 2013. (Doc. 11-12). The defendant then filed its Reply to the plaintiff's Response on June 13, 2013. (Doc. 13).

## II. FACTS

The Complaint contains the following facts, which the court accepts as true for the purposes of this motion.

The plaintiff began working at AmSouth Bank (now Regions) in May 1982. Around December 2011, the plaintiff, because of poor health stemming from renal disease and open heart surgery, initiated a period of short term disability leave under the Regions Family Medical Leave program. The plaintiff also applied for Personal Leave, but Regions later denied the plaintiff any additional leave. (Compl. ¶¶ 8-12, 17).

On December 19, 2011, the plaintiff was hospitalized for complications relating to her renal disease. The plaintiff remained in the hospital until she was released on January 7, 2012. Upon leaving the hospital, the plaintiff began a period of short term disability leave from Regions. (Doc. 1-1).

On May 3, 2012, the plaintiff submitted paperwork from her treating physician to the defendant detailing the plaintiff's disability and present physical condition. On May 4, 2012, the defendant terminated the plaintiff, claiming that she failed to complete her disability paperwork. In her Regions disability paperwork, the plaintiff expressed a desire to return to Regions after her short term disability expired. The defendant terminated the plaintiff before the end of her short term disability. (Compl. ¶¶ 13-16).

On June 7, 2012, the plaintiff submitted a Charge of Discrimination to the EEOC. The plaintiff stated that she is an African American female, and that the defendant terminated her employment on May 4, 2012, for "job abandonment." The plaintiff alleged "discrimination based on [her] race and disability," and that the defendant "discriminated against [her] in violation of the Americans with Disability Act of 1990 and Title VII of the Civil Rights Act of 1964." (Doc. 1-1). The complaint contains no further facts relating to the plaintiff's claim of race discrimination.

### III. DISCUSSION

The defendant argues that the plaintiff failed to plead facts sufficient to state a claim for race discrimination. The court finds that because the plaintiff made only conclusory allegations with no factual support in her Complaint, the plaintiff failed to state a claim for race discrimination, and the defendant's motion is due to be GRANTED.

A Motion to Dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 335 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). While a plaintiff must provide the grounds of her entitlement to relief, Rule 8 generally does

not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 335 U.S. at 47).

The rule does, however, "[demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain only "a formulaic recitation of the elements of a cause of action," "labels or conclusions," or "naked assertions" without sufficient factual support do not meet Rule 8 standards. *Twombly*, 550 U.S. at 555, 557. To survive a motion to dismiss, the complaint must contain sufficient factual matter such that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In a Title VII case, the plaintiff need not allege facts in the complaint "sufficient to make out a classic *McDonnell Douglas* prima facie case." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (holding that "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement). A Title VII plaintiff need only "provide 'enough factual matter (taken as true) to suggest' intentional race discrimination." *Davis*, 516 F.3d at 974 (*quoting Twombly*, 550 U.S. at 556). The facts alleged in the complaint must both give fair notice to the defendant of the basis for the plaintiff's claims, and raise the plaintiff's right to relief above the speculative level. *Davis*, 516 F.3d at 974; *see also Swierkiewicz*, 534 U.S. at 514 (finding that the Complaint satisfied the requirements of Rule 8, as it "detailed the events leading to [the plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved"). Conclusory allegations that an employer treated an employee differently than similarly situated employees of another race "epitomize[] speculation and therefore [do] not amount to a short

and plain statement of [the] claim under Rule 8(a)." *Davis*, 516 F.3d at 974.

In her Complaint, the plaintiff merely states that the defendant "discriminated against [her] because of her race with respectto [*sic*] implementation of the personal leave policies and terminating her 29 plus years of employment"; that she "suffered mental anguish, emotional distress, humiliation, and embarrassment"; and that the defendant's discriminatory acts were "reckless, malicious, and willful." Although the plaintiff does state in her EEOC paperwork that she is African American, she has detailed no facts demonstrating that race was a factor in her termination. The plaintiff did not describe any similarly situated employees from outside her protected class that received different treatment than she. Further, the plaintiff pleaded no facts indicating any correlation whatsoever between her race and the decision to terminate her employment. She simply stated that she is an African American female, and that the defendant terminated her employment after twenty-nine years of service. While the plaintiff is not required to plead facts sufficient to make a *McDonnell Douglas* prima facie case, she must allege facts that elevate her claim above pure speculation. Her bare accusation that the defendant discriminated against her because of her race provides no notice to the defendant of the basis of her claim.

Therefore, because the plaintiff did not plead any facts demonstrating that the defendant discriminated against her on the basis of race, the plaintiff has failed to state a claim for race discrimination under Title VII for which relief can be granted.

### IV. CONCLUSION

For the reasons stated above, the court finds that the defendant's Motion to Dismiss Count II is due to be GRANTED, and Count II is due to be DISMISSED WITHOUT PREJUDICE.

The court simultaneously will enter a separate Order to that effect.

    DONE and ORDERED this 8th day of July, 2013.

                                                  _____
                                                KARON OWEN BOWDRE
                                                UNITED STATES DISTRICT JUDGE